————————o————————

## No. 6279.

## P, G. RIDDELL vs. A. E. RINGE.

### Syllabus.

#### On the Motion to Dismiss.

An appeal lies from a judgment of the District Court dismissing a rule having for its object to carry out and give vitality and effectiveness to a judgment of this Court.

Appeal from the 'Civil District Court for the Parish of Orleans, Division "D," No. 100,947. Honorable Porter Parker, Judge.

F. W. Hart, for plaintiff and appellant.

J. Gross, L. DePoorter, Foster, Milling, Brian & Saal, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff filed a petition to confirm the tax title to certain real estate in the possession of the defendant.

Defendant pleaded the nullity of plaintiff's title. In the trial Court there was judgment against the plaintiff

— 177 —

setting aside the tax title. On appeal to this Court the judgment was affirmed. An application for rehearing was applied for in which plaintiff complained that "the Court had failed to provide that its judgment shall not be effective until he, as holder of the tax title, be reimbursed the price paid with penalties and taxes."

This Court said: "No such reservation was necessary. Article 233 of the Constitution of 1913 is self-operative. The appellee cannot execute the judgment until he pays or tenders to the appellant the amount due him under the article."

No other reference has been made in the pleadings to any claim by plaintiff for reimbursement of price of tax sale or of taxes paid.

Thereupon plaintiff took a rule in the lower Court calling upon defendant to show cause why a writ of possession should not issue directing the sheriff "to put him in possession as tax-purchaser of the property mentioned in the petition unless said defendant shall pay him within a reasonable time to be fixed by the Court the sum of $274.58 amount of the purchase price and of taxes paid" according to a detailed statement annexed to said rule.

To this rule the defendant filed exceptions of no cause of action and prescription and many reasons on the merits why the rule should be dismissed.

The trial Judge maintained the exceptions and dismissed the rule. Plaintiff has appealed.

In this Court the defendant moves to dismiss the appeal on two grounds;

1st. That the judgment appealed from is interlocutory and can cause appellant no irreparable injury, and 2nd, that the rule is only designed to carry into effect the final judgment already rendered herein.

— 178 —

The answer to the first ground is that the judgment is final as no other judgment can be rendered on the rule. It will also cause an irreparable injury to the appellant as it maintains exceptions of no cause of action and prescription which may form **res judicata** to any further demands contained in said rule.

While the rule had for its object carrying out the judgment of the Court of Appeal, the judgment on the rule did not carry out the judgment but on the contrary practically decided that plaintiff was not entitled to any relief whatever under the judgment of the Court of Appeal. In the cases quoted by appellee, the judgments appealed from decreed the execution of the judgment of the Supreme Court which is the contrary here.

A determination of the issues involved in that rule was necessary to give vitality and effectiveness to the judgment annulling the tax sale.

**Gomez vs. Wilde, 65 S. Rep., 109-110.**

The appellant is entitled to have the judgment against him reviewed, and the motion to dismiss is therefore denied.

Motion to dismiss appeal denied.

Opinion and decree, December 7, 1914.


### Syllabus.

### On the Merits.

A tax title and the right of possession under it will not be divested by a judgment annulling the tax adjudication upon which such title and right of possession is founded, unless said judgment has been rendered effective in the manner prescribed by Article 233 of the Constitution, that is, by the

reimbursement of the price of the adjudication, the taxes paid and interest, etc.

His Honor, EMILE GOD'CHAUX, rendered the opinion and decree of the Court, as follows:

The property of Ringe, the defendant, was acquired by Riddell, the plaintiff, from Wilde, who had purchased it some years before at tax sale. By our prior decree in this cause, rendered February 25, 1914, it will be seen that we sustained Ringe's attack upon the tax adjudication and held void Riddell's title which was founded upon it. Upon an application for rehearing we stated that though Riddell's tax title was declared a nullity, our decree to that effect would be inoperative until Ringe shall have paid the price, taxes, interest, etc., prescribed by Article 233 of the Constitution as a condition precedent to the taking effect of the judgment annulling the tax sale.

### Riddell vs. Ringe, No. 6010 of our Docket.

When our mandate was filed in the trial Court, Riddell, alleging that his tax title and consequently his right of possession under it had not been divested by virtue of the judgment annulling the tax sale, because the defendant, the tax debtor, had not rendered said judgment effective by reimbursing the price of adjudication, the taxes paid, etc., in compliance with Article 233 of the Constitution. proceeded by rule against Ringe, who was and is in possession of the property, citing him to show cause why he, Riddell, should not be placed and maintained in possession of the property until Ringe shall have paid him the price of the tax adjudication, all taxes paid since the tax sale, costs, interest, etc.

The plaintiff now appeals from a judgment sustaining exceptions interposed by the defendant, Ringe, and dismissing the rule.

The principal exceptions are in substance to the effect that plaintiff cannot maintain the rule because the right to reimbursement for the price of adjudication, taxes, etc., under Article 233 of the Constitution is purely personal to and vested solely in the tax adjudicatee and not in subsequent holders of the tax title, and that in any event, even if said right be assignable, plaintiff has not alleged that Wilde, the tax adjudicatee, has assigned same to him.

Defendant has apparently misconceived the true nature of the proceeding, the primary object of which on the part of plaintiff is to vindicate his tax title and his right to secure and retain possession of the property by virtue thereof until the judgment annulling such title has been rendered effective by a compliance with the conditions prescribed by Article 233.

It may be that plaintiff demands too much in so far as he claims that he is the party entitled to reimbursement in whole or in part not only of the price of adjudication and taxes paid by Wilde but also of the taxes which plaintiff himself has paid since his purchase of the tax titles from Wilde. As to this it is presently unnecessary to express an opinion, but certain it is that until defendant, who does not pretend to have reimbursed anybody anything, has made reimbursement in compliance with Article 233 to the person legally entitled thereto—whether it be plaintiff and his predecessor in title or either of them—he can take nothing by his judgment of annullment, and the tax title and the right of possession under it will continue in full force and unaffected thereby.

We are of opinion therefore that this exception was improperly sustained; and are likewise of the opinion that the other exception which presents the issue as to whether or not the acquisition of Riddell from Wilde em-

braced a litigious right and was consequently void, involved a question of fact and was properly cognizable with the merits.

It is therefore ordered that the judgment be set aside and annulled and the cause remanded to be proceeded with in accordance with law and the views herein expressed, the appellee paying the costs of appeal and the question of liability for other costs to await the final determination of the case.

Reversed and remanded.

Opinion and decree, February 1, 1915.

St. Paul, J., takes no part, not having heard the argument.